# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,              )
                               )
       v.                      )        ID No.        1909009948
                               )
TANJUALAYA DALRYMPLE,          )
                               )
       Defendant.              )

## ORDER

1.   On this 14th day of March, 2024, upon consideration of Defendant Tanjualaya Dalrymple's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.   On January 21, 2020, Defendant pled guilty to Aggravated Menacing (Class E Violent Felony).[2]  On the same day, the Court sentenced her to five years of Level V supervision, suspended for one year of Level III supervision.[3]

3.   On February 21, 2020, the Delaware Department of Correction ("DOC") stated that Defendant had violated probation by testing positive for nonprescribed controlled substances on February 5, 2020, February 11, 2020, and February 18,

---

[1] D.I.s 44, 45.
[2] D.I. 9.
[3] D.I. 10.

2020, and failing to comply with curfew on February 3, 2020.[4] On April 7, 2020, the Court sentenced her to five years of Level V supervision, suspended immediately for one year of Level III supervision.[5]

4. On May 21, 2020, the DOC stated that Defendant had violated probation by failing to report to her probation officer and to Treatment Access Center monitoring. On February 17, 2022, the Court sentenced her to four years and ten months of Level V supervision, suspended after successful completion of Level V inpatient drug treatment for one year of Level III supervision.[6]

5. On March 4, 2022, the DOC stated that Defendant had violated probation by allegedly committing the criminal offenses of Criminal Mischief, Resisting Arrest, Endangering the Welfare of a Child, Theft, and Shoplifting during the probationary period, failing to report to her probation officer, and leaving the state without authorization. Separately, on October 27, 2022, the DOC stated that Defendant had violated probation by allegedly committing the criminal offenses of Receiving Stolen Property, Disregarding a Police Officer's Signal, Conspiracy in the Second Degree, Theft, Criminal Mischief, Shoplifting, and various driving violations during the probationary period. The DOC also stated that Defendant had

---

[4] D.I.s 11, 15.
[5] D.I. 18.
[6] D.I. 23. On June 7, 2022, Defendant wrote a letter to this Court in which she asked the Court to correct what she believed to be a typo on her sentence order. D.I. 24. On June 14, 2022, the Court modified the sentence order to correct the sentence date, and this modification did not change the duration of the sentence.

failed to report to her probation officer.[7] On February 15, 2023, the Court sentenced her to four years and eight months of Level V supervision, suspended after 122 days for successful completion of Level III Psychotherapeutic Services, Inc. ("PSI") treatment, followed by one year of Level III supervision.[8]

6. On April 19, 2023, the DOC stated that Defendant had violated probation as a result of being terminated from PSI for failing to comply with program rules and for disrupting the program.[9] On May 11, 2023, the Court sentenced her to four years and three months of Level V supervision, suspended for one year of Level III supervision.[10]

7. On June 16, 2023, the DOC stated that Defendant had violated probation by testing positive for nonprescribed controlled substances on May 24, 2022, and letting her GPS monitoring device become inoperative. Separately, on June 24, 2023, the DOC stated that Defendant had violated probation by allegedly committing the criminal offenses of Shoplifting and Conspiracy in the Third Degree during the probationary period. On July 13, 2023, the Court sentenced her to four years and three months of Level V supervision, suspended for successful completion of Level

---

[7] D.I. 28.
[8] D.I. 29.
[9] D.I. 33.
[10] D.I. 34. In the same sentence order, the Court sentenced Defendant for violations of probation in other cases, but those charges and their corresponding sentences need not be considered here. *Id.*

IV supervision (DOC Discretion), followed by one year of Level III aftercare treatment.[11]

8. On November 1, 2023, Defendant sent a letter to this Court, in which she asks this Court to modify her sentence to Level V supervision until her request to have her supervision transferred out-of-state is approved. She states that, since her involvement in a Prison Rape Elimination Act investigation began, tension in the treatment facility has put her rehabilitation at risk.[12]

9. Thereafter, on December 5, 2023, Defendant filed the instant Motion, in which she asks this Court to modify the conditions of the probationary period of her sentence. Specifically, she requests that the Level III portion of her sentence be transferred to Fayetteville, North Carolina, where her father resides.[13] The Court addresses both requests below.

10. Rule 35(b) authorizes this Court to "reduce the fine or term or conditions of partial confinement or probation, at any time." A motion to modify the terms of partial confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[14] In Delaware, the DOC oversees

---

[11] D.I. 43. In the same sentence order, the Court sentenced Defendant for a violation of probation in another case, but that charge and sentence need not be considered here. *Id.*
[12] D.I. 44.
[13] D.I. 45.
[14] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

probationers' applications for out-of-state transfers made pursuant to the Interstate Compact for Adult Offender Supervision.[15]

11. When this Court sentenced Defendant for her most recent violation of probation, it gave the DOC discretion to determine the placement for the Level IV portion of her sentence that best addresses her treatment and rehabilitation needs. Defendant states that the DOC placed her at "HDP," the Hazel D. Plant Women's Treatment Facility.[16] Defendant has not presented just cause for the Court to question the DOC's facility placement decision, by modifying the Level IV supervision portion of her sentence to Level V supervision. Further, the DOC is best suited to oversee Defendant's out-of-state transfer application, not this Court. Hence, Defendant's Motion is **DENIED.**

   **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:   Tanjualaya Dalrymple (SBI #00611715)

---

[15] *See State v. Williams*, 2013 WL 6913265, at *1 (Del. Super. Dec. 31, 2013).
[16] *See* D.I. 44.

5